238 So.2d 434 (1970)
STATE of Florida, Appellant,
v.
Boy Elijah O'STEEN, Appellee.
No. M-91.
District Court of Appeal of Florida, First District.
August 13, 1970.
*435 Earl Faircloth, Atty. Gen., and J. Christian Meffert, Asst. Atty. Gen., for appellant.
A.C. Soud, Jr., Jacksonville, for appellee.
JOHNSON, Chief Judge.
The facts leading up to the arrest and search and seizure forming the basis of the 15 informations filed against this defendant may be narrowed down to the following statement of facts:
Two sheriff's deputies or detectives of the Duval County Sheriff's Office, received a radio call from their office that an anonymous person had called in and reported that some stolen property could be found at the trailer of Boy O'Steen out on Paul Howard Drive. The officers drove out to this point, remaining on the street, however, and seeing some tool boxes and batteries and an air compressor at and partly under the end of a trailer near where an auto belonging to O'Steen was recognized, telephoned back into their office to ascertain if there were any thefts or burglaries reported for the night before involving property of the kind they had seen at the trailer. They were informed of the burglaries and some tool boxes were specifically described, which were identified by the officers as fitting the description of those stolen. When Mrs. O'Steen drove away from the trailer, she apparently saw the officers and turned around and drove back to the trailer. The officers then identified themselves and requested information as to the whereabouts of her husband. There is a conflict in the testimony of the officers and Mrs. O'Steen as to what transpired after this inquiry. One officer testified that he asked and received permission to go into the trailer and look. She said she refused to give permission. However, she did go in and call her husband from the bedroom. The officers testified that they arrested the defendant as he came out of the bedroom. Mrs. O'Steen says the arrest took place outside the trailer.
The officers then searched the trailer and found a goodly number of items thought to be stolen, as well as a large quantity of meat which had been reported stolen. In addition to the items found in the trailer and seized by the officers, they also seized the tool boxes, batteries and air compressor which had been seen at the end of the trailer. In a tool box there were tools with the name of the man from whom stolen, engraved thereon. Also, the officers searched the automobile in which Mrs. O'Steen had started to drive off in, and found another batch of meat fitting a general description of that reported stolen.
*436 The motion to suppress the evidence was as follows:
1. The search which culminated in the seizure of certain articles from the property and residence of the Defendant was unlawful in that said search and seizure was not incidental to a lawful arrest.
2. The property was illegally seized without a warrant.
3. The Defendant, Boy O'Steen, did not give his consent to the said search and subsequent seizure of the evidence which the State intends to use at the trial of this case.
After taking testimony from the arresting officers and Mrs. O'Steen, the trial court granted the motion to suppress.
The State contends that it was error for the trial court to suppress the evidence seized from the defendant's trailer, under the trailer, and from defendant's car.
As to the evidence at the end or under the trailer which was visible to the officers even at the distance to the street and which fitted the description of reported stolen property, we can easily agree with the State's contention. No search was necessary to ascertain the location of property so nearly fitting the description of stolen property as to give probable cause of seizure, especially in view of the report received by the Sheriff's Office that the stolen property could be found there and that it was not there the night before, but was there at 8:45 a.m.[1]
Some question was raised about the arresting officers not having first hand information, but no serious consideration could be given to such a question. The Sheriff's Office works as a unit organized in its man power so that information to one officer of the organization is information to all members thereof. This is essential to effective law enforcement. Therefore, as to all the evidence found outside, at the end or under the trailer, so seized by the officers, it was admissible and the order granting the motion to suppress as to this portion of the evidence was in error.[2]
We next consider the evidence taken as a result of the search in the trailer, which the State contends was incident to a lawful arrest. The wife of the defendant O'Steen testified that the arrest took place outside the trailer; but the officers testified that the arrest took place inside the trailer. The wife testified that Officer Crouse stepped inside the trailer (after she had told him he could not search) and she called her husband from the bedroom and he, the husband walked outside the trailer where he was arrested. The officer was in the trailer. The defendant O'Steen was in the trailer and came out of the bedroom of the trailer.
The arresting officer testified on cross-examination that at the time he arrested Mr. O'Steen (the defendant) the only things they had seen were the tool boxes and batteries outside. After the arrest, so the officer testified, he found approximately 100 pounds of meat in the refrigerator, two polaroid cameras, a rifle and several small articles. There is no testimony as to any report that cameras or rifles or other things had been stolen, and the officers do not attempt to explain why they had reason to think these articles were stolen, except the meat probably.
The record is devoid of any testimony as to whether there was any identifying marks on the cameras, rifle or "other small articles" which could have given the arresting officers a reasonable basis for suspecting that these articles were also stolen. We think the law is well-settled that the search must be reasonable, *437 assuming the arrest is legal, and there must be the existence of probable cause to believe the articles so seized as a result of such incidental search are the fruit of the crime. A different principle of reasonableness applies where the articles seized are contraband or otherwise illegal per se, but in the case at bar, we are not given the necessary facts about these articles seized inside the trailer to determine whether the search and seizure was reasonable or not. This matter should be determined by the trial court in a further evidentiary hearing upon the motion to suppress applying the law as enunciated herein. The defendant urges that the late decision of the United States Supreme Court in the case of Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685, 689, renders the entire search and seizure illegal. Chimel limits the search incident to an arrest to the body of the person arrested or the immediate vicinity where the arrest is made within which the accused might have obtained a weapon or something that could have been used as evidence against him. This decision was by a divided court and reverses the United States Supreme Court decisions which have been in effect, with some vacillation, far more than fifty years. We are inclined to the opinion that with a change in the composition of that court and the attitude toward crime prevention, that the pendulum will again swing toward the holding enunciated in Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947) and United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950), which basically held that a search of the premises was proper as incident to a lawful arrest in or on the premises. We do not find fault with a reasonable interpretation of the Fourth Amendment to the United States Constitution, but to limit a search incident to a lawful arrest to items of weapons or destroyable evidence in the immediate vicinity or reach of the arrested person, must be a real windfall for criminals. The dissenting opinion in said case, accords a more reasonable rationale than does the majority opinion; but regardless of how we may feel about Chimel, supra, and its deterrent effect upon good crime detection and prevention, and our hope that with a change in the composition of said court, the pendulum may swing back to the law as handed down in Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947) and United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653, insofar as the case sub judice the enunciation of Chimel, supra, is inapplicable because the same is not retroactive and does not apply to any search and seizure effected prior to June 23, 1969, even as to cases in process of direct review.[3] Therefore, if it can be shown to the satisfaction of the trial court that the search and seizure inside the trailer was reasonable in the light of this opinion, then said evidence would be admissible; otherwise not.
The meat found in the refrigerator having been listed among the items reported stolen, was proper evidence and the order suppressing the same was error.
As to the meat found in the automobile alleged to belong to the defendant O'Steen, we must agree with the trial court that this constituted an illegal search even under the theory of the Fourth Amendment to the United States Constitution prior to Chimel, supra.
As a result of the arrest, search and seizure herein involved, fifteen informations were filed against the defendant O'Steen, each charging a separate offense and describing different property belonging to different people. For identification, the informations are numbered as follows: *438 69-1110 through 69-1124, except 69-1118, inclusive and 69-1644.
The motion to suppress was inclusive of all 15 informations and one hearing thereon had and one order entered.
One detailed opinion only will be rendered, inasmuch as there was one consolidated motion to suppress and the hearing thereon covered the entire search and seizure and arrest.
In our case number M-91, being numbered in the court below as 69-1110, the information is in two counts, one charging breaking and entering to commit a felony and the second count charging the stealing of certain personal property of Verl Thomas Howe, consisting of a camera, five-fifths of whiskey, some coins and currency and a suit of clothes, all being in excess of a value of $200.
The record is silent as to why the arresting officers had reason to believe these items were stolen. In fact, no questions were propounded to the officers at the hearing on the motion to suppress as to this question, and therefore it is impossible for this court to determine from the record before us whether such search and seizure was reasonable or not. Therefore the order suppressing this evidence insofar as applicable to case 69-1110, is set aside and this case remanded to the trial court with directions to hold a further evidentiary hearing on the motion to suppress and to determine from the evidence presented thereat, in the light of our opinion rendered herein, supra, whether such evidence should be suppressed or not.
Remanded with directions.
WIGGINTON and SPECTOR, JJ., concur.
NOTES
[1] Vann v. State, 85 So.2d 133 (Fla. 1956).
[2] Boim v. State, 194 So.2d 313 (Fla.App. 3d, 1967); Mosco v. United States, 301 F.2d 180, (9th Cir., 1962).
[3] Lyon v. United States, 5 Cir., 1969, 416 F.2d 91; Williams v. United States, 418 F.2d 159, (9th Cir., 1969).