262 So.2d 686 (1972)
STATE of Florida, Appellant,
v.
Rodney FOUST, Appellee.
No. 72-293.
District Court of Appeal of Florida, Third District.
May 30, 1972.
*687 Richard E. Gerstein, State's Atty., and Richard R. Snyder, Asst. State's Atty., for appellant.
David Goldman, Miami, for appellee.
Before PEARSON, CHARLES CARROLL and HAVERFIELD, JJ.
PEARSON, Judge.
The State of Florida instituted this interlocutory appeal after the trial court entered an order granting the appellee's motion to suppress evidence.[1] The evidence in question was seized when the appellee was arrested pursuant to the authority of two bench warrants.
On February 11, 1972, the defendant was charged by information with the crime of unlawful possession of marijuana. On March 2, 1972, the defendant filed his motion to suppress evidence. The motion was supported by the grounds that "said evidence was illegally seized without a warrant and the defendant was aggrieved by an unlawful search and seizure." The arresting officer was called as a witness when the motion was heard before the trial court on March 7, 1972. No other witnesses testified.
The Supreme Court of Florida has set forth its most recent holdings on the scope of a search incident to an arrest in State v. Gustafson, Fla. 1972, 258 So.2d 1. In discussing a search which occurred after a person had been arrested for failing to have a driver's license in his possession, the Court held:
* * * * * *
"The district court opinion poses the query: `May the search be for evidence of any crime, or is it limited to fruits of the crime for which the person was arrested?' (emphasis ours) The district's answer would restrict the search to that relating to the particular crime for which the actual arrest was made. It would even limit the search after arrest `to a search for weapons, which normally entails only `"patting down"' the suspect.' Further on, the opinion would limit custodial search `to weapons and instrumentalities for escape.' This is contrary not only to all Florida authorities as cited above but actually would be in derogation of the statute, section 901.21.
"[3] We reject these reversionary views as contrary to the entire body of established law which has been built up in this area and which permits proper incidental search that reasonably ensues after a legal arrest, in accordance with the foregoing authorities which we have set forth and in accordance with our Fla. Stat. § 902.21, F.S.A. This is no time for a retreat in the law when modern methods are demanded by accelerating criminal activity." [Emphasis as indicated.]

*688 * * * * * *
See also State v. Holmes, Fla.App. 1971, 256 So.2d 32.
We hold that the arrest of the appellant was valid under the bench warrants which were revealed to the officer by radio check. See Murphy v. State, Fla.App. 1971, 252 So.2d 261; Fla. Stat. §§ 901.15(4), 901.16, F.S.A. Further, the search of appellee's person incident to such arrest was reasonable. It is also our view that the reasonableness of the search after arrest was not affected by the fact that the original stopping of appellee may have been without probable cause. Accordingly, the order suppressing evidence seized at the time of appellee's arrest is reversed, and this cause is remanded to the trial court for further proceedings in accordance with the views herein expressed.
Reversed and remanded.
NOTES
[1] An appeal by the State from such a ruling is permitted by F.S. § 924.071(1), F.S.A.; see Rule 6.3, F.A.R., 32 F.S.A.