323 So.2d 587 (1975)
Carl Lee WIGFALL, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-231.
District Court of Appeal of Florida, Third District.
October 21, 1975.
Rehearing Denied January 14, 1976.
*588 Phillip A. Hubbart, Public Defender, and Mark King Leban, Asst. Public Defender, and John C. Coleman, Legal Intern, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
HENDRY, Judge.
Appellant, defendant in the trial court, brings this appeal from an order of the trial court withholding adjudication of his guilt after a plea of nolo contendere.
Pursuant to a complaint affidavit, an information was filed charging appellant with three criminal violations: (1) carrying a concealed weapon, (2) unlawful possession of cannabis in an amount of not more than five grams, and (3) possession of a controlled substance implement. On *589 September 20, 1974, appellant was arraigned and pleaded not guilty.
Subsequently, appellant filed a motion to suppress evidence on the grounds that his rights against unlawful search and seizure had been violated, and that the provisions of § 30.384 of the Code of Metropolitan Dade County, relating to the impoundment of motor vehicles and inventory searches, had not been followed. On January 17, 1975, a hearing was held on this motion. During the course of the hearing, appellant's motion to suppress was denied and appellant entered a plea of nolo contendere, reserving the right to appeal, which was accepted by the trial court. At the conclusion of this hearing, the court issued its order withholding adjudication of guilt from which appellant brings this appeal.
Appellant contends that the trial court erred in denying his motion to suppress evidence because the initial encounter, between the arresting officer and himself, which led to his arrest and search violated the requirements of § 901.151, Fla. Stat., F.S.A., and constituted an unlawful invasion of his constitutional rights. Also, appellant contends, assuming arguendo, that the initial encounter was lawful, that the subsequent search and discovery of the contraband was an unreasonable and unconstitutional invasion of his rights.
At the hearing on appellant's motion to suppress, the record reveals that only the arresting officer, Anthony Leizze, from the Dade County Public Safety Department, testified. His testimony was that the initial encounter with appellant occurred on August 29, 1975, at 1:00 A.M. when he approached appellant, who was sitting in an automobile parked in a parking lot next to a bar, for a routine check. Officer Leizze explained that he had approached appellant because there was a high rate of narcotics used in the area and a number of stolen vehicles had been dropped off in the parking lot. Officer Leizze then asked appellant for his identification and car registration. Upon receipt of his identification, officer Leizze gave it to another officer for a records check. The records check revealed that a bench warrant had been issued for appellant. After Officer Leizze learned of the bench warrant, he asked appellant to get out of the car. As appellant complied, the officers asked him to turn around and put his hands on top of the car. Officer Leizze then searched appellant and advised him he was under arrest on the bench warrant. During the course of searching appellant, Officer Leizze, while kneeling down searching appellant's legs, observed a glass and a gun under the front seat of the automobile. The glass contained cannabis.
The basic question for our determination is whether or not the trial court erred in denying appellant's motion to suppress.
The trial court's ruling on the motion to suppress comes to this court with a presumption of correctness and, in testing the accuracy of the trial court's conclusions, we should interpret the evidence and all reasonable inference and deductions capable of being drawn therefrom in a light most favorable to sustain these conclusions. Rodriquez v. State, Fla.App. 1966, 189 So.2d 656, and Savage v. State, Fla. App. 1963, 156 So.2d 566.
With this standard in mind, we hold that the arrest of the appellant was valid under the outstanding bench warrant. See Murphy v. State, Fla.App. 1971, 252 So.2d 261, and §§ 901.15(4) and 901.16, Fla. Stat., F.S.A. Further, the search of appellant was reasonable and the seizure of the gun and the glass containing cannabis, which fell in the plain view of the arresting officer who had a right to be in the position to have that view, was also reasonable and the evidence obtained thereby was properly admitted into evidence. State v. Flores, Fla.App. 1974, 305 So.2d 292, and § 901.21, Fla. Stat., F.S.A. It is also our view that the reasonableness of the search *590 and seizure after arrest was not affected by the fact that the original stopping of appellant may have been without probable cause. There is no testimony that appellant did anything other than to voluntarily cooperate with officer Leizze and voluntarily provide the requested identification. State v. Foust, Fla.App. 1972, 262 So.2d 686, and see State v. Ecker, Fla. 1975, 311 So.2d 104, and City of Miami v. Aronovitz, Fla. 1959, 114 So.2d 784. Officer Leizze's initial encounter of appellant was not an unlawful invasion of his constitutional rights.
Also, we find appellant's argument that the search was an unlawful inventory simultaneous with an improper impoundment to be without merit. Officer Leizze's uncontradicted testimony is at the time of the arrest he had no intention to inventory the vehicle. This court has consistently, as in the case here, upheld the validity of an inventory of an automobile in connection with the impoundment of the vehicle subsequent to the arrest of the driver. For example, Waterhouse v. State, Fla.App. 1972, 256 So.2d 397, and State v. Ruggles, Fla. App. 1971, 245 So.2d 692.
Assuming arguendo that the ordinances of Dade County were not properly followed by Officer Leizze in impounding the vehicle, such impoundment occurred subsequent to appellant's lawful arrest and search. Therefore, the validity of the impoundment should have no effect on the trial court's denial of appellant's motion to suppress.
We have considered the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law, and have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the order withholding adjudication is affirmed.
Affirmed.