353 So.2d 938 (1978)
Noah Paul SEGAL, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-338.
District Court of Appeal of Florida, Third District.
January 10, 1978.
Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen. and Arthur Joel Berger, Asst. Atty. Gen., for appellee.
Before PEARSON, HENDRY and KEHOE, JJ.
HENDRY, Judge.
Appellant was charged by information with burglary of a dwelling with intent to commit grand larceny. At arraignment, he entered a plea of not guilty. A motion to suppress physical evidence and a motion to suppress confessions, admissions, and statements were filed. The motion to suppress the statements was granted, however, the motion to supress the physical evidence was denied. Appellant thereupon withdrew his prior plea and entered a plea of nolo contendere, reserving the right to appeal the denial of the motion to suppress the physical evidence. The trial court thereupon entered a finding of guilt, withheld adjudication, and ordered that appellant be put on probation. This appeal follows.
*939 A trial court's ruling on a motion to suppress comes to an appellate court clothed with a presumption of correctness and an appellate court should interpret the evidence and all reasonable inferences and deductions capable of being drawn therefrom in the light most favorable to sustain the trial court's conclusion. Jester v. State, 339 So.2d 242 (Fla. 3d DCA 1976); Wigfall v. State, 323 So.2d 587 (Fla. 3d DCA 1975).
With the above guidelines in mind, it is our opinion that, after carefully reviewing the record and briefs, there was competent substantial evidence to support the trial judge's conclusion that the two arresting officers, in furtherance of their investigative duties, viewed and reasonably identified the alleged stolen item (television set) from their lawful vantage point at the entrance to appellant's residence when, in response to the officers' knocking, appellant opened his door revealing the television set in "plain view." Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); Bailey v. State, 319 So.2d 22 (Fla. 1975); State v. Ashby, 245 So.2d 225 (Fla. 1971); see also Moore v. Wainwright, 248 So.2d 262 (Fla. 1st DCA 1971) and State v. O'Steen, 238 So.2d 434 (Fla. 1st DCA 1970).
Accordingly, the judgment of the trial court is hereby affirmed.
Affirmed.