SHIVERS, Judge.
Defendants below appeal judgments and sentences, after pleas of nolo contendere, for possession of controlled substances.
We affirm the trial court.
Defendants were arrested pursuant to a search warrant which in turn grounded its probably cause on information gained from a wiretap. They contend the trial court erred in denying their motion to suppress the fruits of the wiretap because the police failed to use sufficient “other investigative techniques” before seeking court authorization for the interception.
§ 934.09(l)(c), Fla.Stat. (1977) requires that any application for authorization to intercept wire or oral communications must contain:
. a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous.
The application for authority to intercept in this case fulfills the statutory requirements.
First, it discusses the limited investigative procedures which were used, and explains why they were insufficient. It shows that continuance of the surveillance which had been briefly attempted would be unavailing, states that the conspirators are alerted to the law enforcement effort against them, and declares that further attempts to contact known associates of the conspirators would only jeopardize the overall situation.
Second, the application explains why other methods would likely be unsuccessful. It states that the person whose phone was sought to be tapped was in the middle of a large drug conspiracy; that normal investigative procedures would continue to be unproductive because of the clandestine and widespread nature of the criminal conspiracy; and that because of the tightness of the group, infiltration would not work.
The application tells why issuing subpoenas or granting immunity would not only have been useless but would more likely have been detrimental, and concludes that electronic surveillance through wire interception is the only remaining effective alternative.
It is evident this wiretap authorization was not routinely requested as an initial step in a criminal proceeding. The application shows why traditional techniques would not suffice to expose the crime. United States v. Kahn, 415 U.S. 143, 94 S.Ct. 977, 39 L.Ed.2d 225 (1974).
The purpose of the Federal Statute [18 U.S.C. § 2518(l)(c)], which is substantially similar to our Florida Statute, § 934.-09(l)(c), is not to require that electronic surveillance be foreclosed until every other ' imaginable method of investigation has been unsuccessfully attempted, “but simply to inform the issuing judge of the difficulties involved in the use of conventional techniques.” United States v. Pacheco, 489 F.2d 554, 565 (5th Cir. 1974); United States v. Alfonzo, 552 F.2d 605, 611 (5th Cir. 1977); Cuba v. State, 362 So.2d 29, 32 (Fla. 3d DCA 1978), cert. denied 378 So.2d 344 (Fla.1979).
The State’s application was no mere “boilerplate recitation of the difficulties of gathering usable evidence,” as defendants *253 argue. Although it is clear that the facts set out in the previous investigation (upon which an earlier wiretap order was based) form a part of the application here, this does not invalidate the second affidavit. The second affidavit contains additional facts regarding the conspiracy, as well as a description of the subsequent attempts to investigate, and an explanation of why other investigative techniques would not work here. Those statements are sufficient. See Cuba v. State, supra.
Appellee State contends the appellants lack standing to contest the wiretap order since appellants have failed to show a property or possessory interest in the tapped phone. We find that appellants have standing. Under Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969) and State v. News-Press Publishing Co., 338 So.2d 1313 (Fla. 2d DCA 1976), an individual may attack the validity of any wiretap ordered, if it intercepts telephone conversations to which he is a party, regardless of proprietary interest.
The trial court did not err in denying the motion to suppress.
AFFIRMED.
MILLS, C. J., and LARRY G. SMITH, J., concur.