397 So.2d 440 (1981)
Arturo BARRIOS and Orlando Rios, Appellants,
v.
The STATE of Florida, Appellee.
No. 80-178.
District Court of Appeal of Florida, Third District.
April 28, 1981.
*441 Brian R. McComb, Miami, for appellants.
Jim Smith, Atty. Gen. and Paul Mendelson, Asst. Atty. Gen., for appellee.
Before HUBBART, C.J., and DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
The defendant pled nolo contendere below reserving the right to appeal the denial of his motion to suppress the contraband which formed the basis of the charge against him. The single issue raised by appellants is whether the evidence supports the trial court's finding that there was a "plain view" of contraband by a police officer justifying a warrantless entry into the premises. We affirm.
In the early morning hours of August 22, 1979, Officer Raudenbusch was called as a backup unit to Officer Bruckner who had stopped an automobile for a traffic offense, searched the car and arrested the driver on drugs and weapons charges. The driver told the officers he was there to visit "Arturo" at 1201 S.W. 43rd Avenue. Officer Raudenbusch went to the front door and knocked. Arturo Barrios opened the door. While at the door, the officer smelled burning marijuana and saw a manila envelope, a pipe and marijuana. He then stepped into the living room of the house. Barrios told the officer that he was alone in the house. While talking to Barrios, the officer heard a toilet flush and "since toilets don't flush themselves," the officer went to investigate. He saw Orlando Rios flushing what appeared to be cocaine down the toilet and placing empty plastic bags in the paper basket. Rios was placed under arrest. On the way out of the bathroom the officer observed a bag of white pills "in plain view." Defendants were charged with possession of marijuana under 20 grams, possession of cocaine, and possession of methaqualone. On November 27, 1979, the trial court denied their motions to suppress the evidence.
There was an issue of fact as to whether the marijuana was seen before or after Officer Raudenbusch entered defendant's house. On the arrest form the officer wrote that he smelled burning marijuana while standing at the front door then stepped into the living room where he observed loose marijuana. At the hearing on the motion to suppress the officer testified that he could see the marijuana from outside the house  that he was fifteen to twenty feet away and could see an envelope, pipe, and marijuana on a coffee table.
At the conclusion of the hearing on the motion to suppress the court made its ruling finding that the officer "saw the pipe and the envelope and the marijuana" from outside the house where he had a right to be, and that the seizure of the items was not in violation of the defendants' constitutional rights.
The trial court's findings of fact come to us clothed with a presumption of correctness and a ruling on a motion to suppress evidence will not be disturbed where there is competent support in the record. As a reviewing court, we must interpret the evidence and the reasonable inferences derived therefrom in a manner most favorable to the trial court. Smith v. State, 378 So.2d 281 (Fla. 1979); McNamara v. State, 357 So.2d 410 *442 (Fla. 1978); Machado v. State, 363 So.2d 1132 (Fla.3d DCA 1978), cert. denied, 373 So.2d 459 (Fla. 1979); Segal v. State, 353 So.2d 938 (Fla.3d DCA 1978); Lovely v. State, 351 So.2d 1114 (Fla. 4th DCA 1977); Churney v. State, 348 So.2d 395 (Fla.3d DCA 1977); Jester v. State, 339 So.2d 242 (Fla.3d DCA 1976), cert. denied, 348 So.2d 948 (Fla. 1977); Wigfall v. State, 323 So.2d 587 (Fla.3d DCA 1975); Rodriquez v. State, 189 So.2d 656 (Fla.3d DCA 1966), cert. denied, sub nom., Suarez v. Florida, 389 U.S. 848, 88 S.Ct. 66, 19 L.Ed.2d 116 (1967).
To those facts as found by the court, the law was properly applied. In Pomerantz v. State, 372 So.2d 104, 110 (Fla.3d DCA 1979) this court stated:
In a long line of cases, the Florida and federal courts have held that it is not a search for the police to discover evidence in plain sight. The warrantless seizure of such evidence is constitutionally permissible providing three requirements are met: (1) the police must observe the evidence in plain sight without the benefit of a search [i.e., without invading one's reasonable expectation of privacy], (2) the police must have a legal right to be where they are when they make the plain sight observation, and (3) the police must have probable cause to believe that the evidence seen constitutes contraband or fruits, instrumentalities or evidence of crime... . Such plain sight seizures have been treated either as an exception to the search warrant, requirement rule, Coolidge v. New Hampshire, 403 U.S. 443, 464-73, 91 S.Ct. 2022, 2037-42, 29 L.Ed.2d 564 (1971), or as being entirely beyond the scope of Fourth Amendment protection. Hornblower v. State, 351 So.2d 716, 718 (Fla. 1977).
See also Winchell v. State, 362 So. 992 (Fla.3d DCA 1978), cert. denied, 370 So.2d 462 (Fla. 1979). The judgment under review is
Affirmed.