428 So.2d 715 (1983)
STATE of Florida, Appellant,
v.
Robert J. HILLS, Catherine E. Hills, Elizabeth R. Blunston, Percy J. Moore and Harold L. Moore, Appellees.
No. 82-1438.
District Court of Appeal of Florida, Fourth District.
March 9, 1983.
Rehearing Denied April 13, 1983.
Jim Smith, Atty. Gen., Tallahassee, and Stewart J. Bellus, Asst. Atty. Gen., West Palm Beach, for appellant.
Douglas N. Duncan of Foley & Colton, P.A., West Palm Beach, for appellees, Robert and Catherine Hills.
*716 PER CURIAM.
The State appeals an order suppressing all physical evidence seized during the execution of a search warrant at the home of Robert and Catherine Hills. This Court has jurisdiction. Fla.R.App.P. 9.130(a)(2) and 9.140(c)(1)(B).
On December 16, 1981, a circuit court judge issued a search warrant directing "the Chief of Police of the West Palm Beach Police Department and his lawful officers" to search the appellees' home at 12222 Old Country Road, in Wellington, an unincorporated area of Palm Beach County. The search warrant directed the executing officers to seize any books or papers showing amounts of cocaine distributed and money received in a conspiracy to sell or distribute cocaine. The warrant also authorized the seizure of U.S. currency found on the premises.
On December 19, 1981, numerous law enforcement officers met at the Winn Dixie Supermarket in Wellington to discuss the actual execution of the search warrant and then proceeded to appellees' residence. Sergeant Wood, the detective in charge of the case, decided to split the group of officers into two units to make their entry into the appellees' residence. A six foot wood fence with signs posted stating "Beware of Dogs" surrounds appellees' residence. Sergeant Wood directed the first unit to approach the appellees' residence via the front door and the second unit, which included a canine officer with a special protective sleeve, to approach the appellees' residence from the rear of the premises. He testified that the rear door unit's "whole job was to get the rear of the house and control the dogs."
The trial court found it impossible to determine the actual sequence of events which occurred during the execution of the warrant. Sergeant Wood testified that he knocked on the front door and stated as loudly as he could, "State's Attorney's investigators, we have a search warrant." However, it appears that the canine officer and a Drug Enforcement Administration (DEA) officer had already entered the residence through a screened porch. The canine officer identified himself to Mrs. Hills and instructed her to secure the dog. The DEA officer identified himself and informed Mrs. Hills "that there was a search warrant for her premises." After Mrs. Hills secured the dog with the other dogs in a kennel on the premises, the canine officer opened the front door for Sergeant Wood and the other officers. The trial judge found that Mrs. Hills was not present when the police officers were let in through the front door and that she was not aware of their presence at the front door until they were admitted by an officer who had entered the house from the rear.
In a well reasoned order setting out the factual basis for his legal conclusion, the trial judge cited three reasons for granting appellees' motion to suppress. First, the police improperly executed the warrant by entering the home before properly knocking and announcing their purpose; second, the warrant's description of the papers to be seized was too broad; and third, the class of officers authorized to execute the warrant had no authority to execute the warrant at the place searched.
The State contends that the trial court erred in granting the motion to suppress because the police officers made a good faith effort to comply with Florida's knock and announce rule and that exigent circumstances required immediate entry into the residence; that the warrant was executed by a person to whom it was directed, and who had statutory authority to serve the warrant in Palm Beach County; and lastly that the warrant's description of "U.S. currency" was legally sufficient to identify the goods to be seized.
Section 933.09, Florida Statutes (1981) requires the officer executing a search warrant to have given due notice of his authority and purpose and be refused admittance before breaking open any door or window of a house. The trial court found the police violated Section 933.09 by failing to give "due notice." We recognize that "due notice" constitutes a factual question for the trial court. His ruling on this *717 issue should be affirmed if it is supported by competent and substantial evidence. State v. Dominguez, 367 So.2d 651, 655 (Fla. 2d DCA 1979), cert. denied, 373 So.2d 457 (Fla. 1979). However, the failure to give due notice should not result in the suppression of evidence if the police actions fall within a recognized exception to the knock and announce rule.
[O]ur statute is violated by an unannounced intrusion in the form of a breaking and entering any building, including a private home, except (1) where the person within already knows of the officer's authority and purpose; (2) where the officers are justified in the belief that the persons within are in imminent peril of harm; (3) if the officer's peril would have been increased had he demanded entrance and stated the purpose, or (4) where those within made aware of the presence of someone outside are then engaged in activities which justify the officers in the belief that an escape or destruction of evidence is being attempted.
Benefield v. State, 160 So.2d 706, 710 (Fla. 1964).
The State argues that the entry of the canine officer and his backup officers to subdue the guard dogs fell within one of the judicial exceptions to the statute: "[T]he officer's peril would have been increased had he demanded entrance and stated the purpose... ." Id. at 710. Appellees argue that the law enforcement officers cannot rely on exigent circumstances to justify entering the premises because their only knowledge prior to entry was that appellees owned some "guard dogs." They further assert that the officers cannot rely upon information gained after an illegal entry to support a claim of exigent circumstances to justify an otherwise illegal entry.
The record demonstrates that based on previous surveillance, the officers knew appellees had vicious guard dogs. Signs posted on the fence warned them of the dogs and it was the dogs' barking which prompted several of the officers to enter the premises before the front door unit gained access to the premises. The presence of a canine officer for control of the dogs highlights the concern that Sergeant Wood had for the safety of the officers taking part in the raid. The record shows that exigent circumstances existed which justified the rear unit's entry on the premises to protect the front door unit from immediate threat of injury.
The trial court also based its order granting the motion to suppress on its finding that "the warrant showed on its face that it was directed to persons who are not constitutionally competent to execute the warrant at the location of the proposed search." The Palm Beach County State Attorney's Office appointed two of the officers taking part in the raid as special investigators to execute the warrant sub judice. Appellees rely on Hesselrode v. State, 369 So.2d 348 (Fla. 2d DCA 1979), cert. denied, 381 So.2d 766 (Fla. 1980), and assert that the police officers had no authority or power as police officers when they left their jurisdiction to execute the warrant. Section 27.251, Florida Statutes (1981) provides:
(1) The state attorney of each judicial circuit is authorized to employ any municipal or county police officer or sheriff's deputy on a full-time basis as an investigator for the state attorney's office with full powers of arrest throughout his judicial circuit... .
Section 27.255, Florida Statutes (1981) permits such special investigator to serve warrants anywhere within the judicial circuit served by such state attorney.
Such investigator shall, within the boundaries of the judicial circuit served by such state attorney, have full authority to serve any arrest warrant, search warrant, witness subpoena, capias, or court order issued by any court or judge within such judicial circuit in a criminal case, or in connection with a criminal investigation, when the same is directed to him.
We do not find Hesselrode v. State controlling. In Hesselrode, municipal police executed a warrant directed to a county sheriff. In the case sub judice, the officers executing the warrant clearly acted under *718 the authority of Sections 27.251 and 27.255, Florida Statutes (1981).
Lastly, we find the description "U.S. currency" as a sufficient description of the medium of exchange in cocaine transactions, absent knowledge of the denominations and serial numbers of the currency involved. The search warrant here is not an impermissible "general warrant" as to the papers and currency seized and therefore the currency seized should not have been suppressed.
Accordingly, we reverse the trial court's order suppressing the physical evidence seized during the execution of the search warrant sub judice and remand this cause for further proceedings.
REVERSED and REMANDED.
DOWNEY, GLICKSTEIN and DELL, JJ., concur.