447 So.2d 1015 (1984)
The STATE of Florida, Appellant,
v.
Celestino GONZALEZ, Appellee.
No. 83-1631.
District Court of Appeal of Florida, Third District.
April 3, 1984.
*1016 Jim Smith, Atty. Gen., and Randi B. Klayman, Asst. Atty. Gen., for appellant.
Kogen & Kogen and Loren H. Cohen, Miami, for appellee.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
HENDRY, Judge.
This is an appeal by the state from an order of the Circuit Court for Dade County suppressing all evidence obtained as the fruits of several searches and seizures and an interrogation in connection with the arrest of appellee for trafficking in illegal drugs.
The searches and seizures were made by officers of the City of Miami Police Department at the Westchester Shopping Center which is located outside of the City of Miami.
After an extensive evidentiary hearing the trial court entered the order under review. It is the state's contention that the suppression order was erroneous and should be reversed. We cannot agree, and affirm.
The order of suppression was unusually long and contained detailed findings of fact. The order stated, inter alia, that all of the evidence obtained by the searches and seizures and by interrogation in connection with appellee's arrest should be suppressed because there was no connection between the subject matter of the investigation and the City of Miami, and all of the activity occurred outside of the City of Miami; that the investigation was strictly supervised and conducted by the City of Miami Police Department; that the Miami police officers had no jurisdiction to act as police officers outside of the City of Miami; that the appellee did not receive his Miranda warnings; and that all of the witnesses presented during the suppression hearing were police officers whose memories were tainted by selective recall. The court further stated in the order that he had paid careful attention to the demeanor of each witness and to the contradictions in their testimony.
In reviewing the ruling of a trial judge on a motion to suppress, the trial court's findings of fact and conclusions of law come to this court with a presumption of correctness and, in testing the accuracy of the trial judge's conclusions we should interpret the evidence and all reasonable inferences and deductions capable of being drawn therefrom in a light most favorable to sustain these conclusions. Shapiro v. State, 390 So.2d 344, 346 (Fla. 1980), cert. denied, 450 U.S. 982, 101 S.Ct. 1519, 67 L.Ed.2d 818 (1981); State v. Parker, 399 So.2d 24, 27 n. 2 (Fla. 3d DCA), pet. for rev. denied, 408 So.2d 1095 (Fla. 1981); Wigfall v. State, 323 So.2d 587, 589 (Fla. 3d DCA 1975).
*1017 Our review of the record convinces us that the trial judge had an evidentiary basis for his findings and conclusions on the motion to suppress. Accordingly, the order under review is affirmed.
Affirmed.