PER CURIAM.
The state appeals an order suppressing evidence seized in conjunction with the war-rantless arrests of defendants for trafficking in cocaine, possession of cocaine, conspiracy to traffic in cocaine, and sale of cocaine.[1] The state asserts that the trial court erred in ruling that the arrests were unlawful because they were made outside the jurisdiction of the arresting officers and that the evidence was, therefore, unlawfully obtained. We reverse.
The investigation leading to the arrests began when a confidential informant came to the Hialeah police station and told Hialeah police that he knew of someone who wanted to sell a kilo of cocaine. The informant telephoned Mario Sanchez from the police station and arranged for the drug transaction to take place at the residence of one of the defendants in Homestead. John Johnson, an investigator assigned to the Dade County State Attorney’s office, accompanied the informant and several Hialeah police officers to the arranged destination. Upon a signal from an undercover officer inside the house that the transfer had been completed, Johnson and several officers entered the premises. Johnson arrested the defendants, and the cocaine was seized as evidence.
The trial court granted defendants’ motions to suppress the evidence. The court ruled that the Hialeah police officers acted beyond their jurisdiction and that the arrests and seizure of the cocaine were, therefore, illegal. In the order suppressing the evidence, the trial court concluded that State v. Gonzalez, 447 So.2d 1015 (Fla. 8d DCA 1984) was determinative of the issues in this cause. We disagree. Gonzalez does not answer the questions before us. Here, the arrests were made by an investigator assigned to the Dade County State Attorney’s' office. His powers to arrest extend to the boundaries of the eleventh judicial circuit. § 27.255, Fla.Stat. (1983); see State v. Hills, 428 So.2d 715 (Fla. 4th DCA), review denied, 428 So.2d 833 (Fla.1983).
The record contradicts the trial court’s finding that Investigator Johnson merely signed his name as the arresting officer on the arrest affidavit. In fact, the record reflects and the trial court’s order recognizes that Johnson did more than sign his name on the arrest affidavit. The trial court’s order states that “arrests were made by Investigator Johnson of the Defendants and alleged contraband was seized in the accompanying search and seizure of Defendant Salas’s home.” Johnson testified that he placed the defendants under arrest by physically touching each sus- *1301 peet and, through an interpreter, informing each one that he was under arrest for trafficking in cocaine and for possession of cocaine. Johnson’s actions constituted the actual arrests. See § 901.17, Fla.Stat. (1983); see also Melton v. State, 75 So.2d 291 (Fla.1954). Because Johnson possessed the statutory authority to make arrests and was acting within his jurisdiction when he •arrested defendants, the arrests were valid and the seizure of the evidence was lawful.[2] The order suppressing the evidence was error.
Reversed and remanded.

. The information did not charge defendants with sale of cocaine.

. Because we hold that the arrests were lawful under Johnson's county-wide arrest powers, we find it unnecessary to decide whether an arrest made by a police officer beyond his jurisdiction is valid as a citizen’s arrest.