PER CURIAM.
The trial court’s order granting the defendants’ consolidated motions to suppress evidence gathered by court authorized electronic surveillance, being amply supported by substantial competent evidence and controlling case law, is affirmed as to all defendants except Richard San Roman. Unlike the other defendants, San Roman is not an aggrieved person as that term is defined in Section 934.02(9), Florida Statutes (1981),[1] and has no standing to complain of infringements on the constitutional rights of others. Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969); Sarno v. State, 424 So.2d 829 (Fla. 3d DCA 1982), rev. denied, 434 So.2d 888 (Fla.1983); State v. Ferguson, 411 So.2d 963 (Fla. 3d DCA 1982).
Although the trial court apparently — and correctly — concluded that San Roman was neither a party to any unlawfully intercepted wire or oral communication nor a person against whom such interception was directed, it nevertheless suppressed the evidence as to San Roman on the theory that because he was “arrested pursuant to a search warrant, which, in turn, grounded its probable cause on information gained from the [unlawful] wiretap, [he] had standing to contest the wiretap order.” The case relied upon by the trial court for its ruling, Scheider v. State, 389 So.2d 251 (Fla. 1st DCA), rev. denied, 397 So.2d 779 (Fla.1981), which involved defendants whose telephone conversations were intercepted during the tap in question, simply does not support the trial court’s decision in this regard.
Affirmed in part; reversed in part.

. Section 934.02(9) reads:
" ‘Aggrieved person’ means a person who was a party to any intercepted wire or oral communication or a person against whom the interception was directed."