ORFINGER, Judge.
The trial court suppressed evidence obtained pursuant to a search warrant, on the grounds that the officer serving the warrant did so while outside his jurisdiction. The State appeals and we affirm.
Based on sworn information that certain items reported stolen in Titusville were at the residence of the defendant in Cocoa, Florida, Officer Mutter of the Titusville Police Department applied for and obtained a search warrant to search the defendant’s residence. The search warrant directed
THE SHERIFF OF BREVARD COUNTY, FLORIDA, OR HIS DEPUTIES AND ALL TITUSVILLE POLICE OFFICERS IN BREVARD COUNTY, FLORIDA.
to search the described premises for the named merchandise. Officer Mutter proceeded to the defendant’s residence in Cocoa accompanied by Cocoa and Titusville police officers, and served the warrant on the defendant. The trial court found the search invalid because the warrant was not properly served, and suppressed the evidence.
The State concedes that statutes authorizing searches and seizures must be strictly construed, State ex rel. Wilson v. Quigg, 154 Fla. 348, 17 So.2d 697 (1944), but argues that sections 933.07[1] and 933.08,[2] Florida Statutes (1985) authorize a municipal officer named in a search warrant to execute the warrant outside the territorial limits of his municipality. We cannot agree.
It is true that section 933.07 authorizes a judge to issue a search warrant to “any police officer.” However, with certain limited exceptions not applicable here, a municipal police officer has no power to act as a police officer outside the territorial limits of his municipality. See, e.g., State v. Phoenix, 428 So.2d 262 (Fla. 4th DCA 1983), affirmed, 455 So.2d 1024 (Fla.1984); State v. Gonzalez, 447 So.2d 1015 (Fla. 3d DCA 1984), where the court affirmed a trial court order suppressing evidence seized by City of Miami police officers out *1358 side the limits of the City of Miami. See also 70 Am.Jur.2d Sheriffs, Police and Constables § 57 (1987). Therefore, the phrase “any police officer” as used in that section must be construed to mean any police officer with power to act. There is no statute which authorizes a police officer to serve a search warrant outside the boundaries of his territorial jurisdiction. Cf § 901.15, Fla.Stat. (1985) (municipal officers authorized to make warrantless arrest outside their jurisdiction while in fresh pursuit).
Other courts have addressed this problem, but have found various reasons for upholding the search. In Nofs v. State, 295 So.2d 308 (Fla. 2d DCA 1974) the court upheld a search warrant served in Gulf-port, Florida by a City of St. Petersburg police officer because the warrant was directed as well to the Sheriff and/or Deputy Sheriffs of Pinellas County, and the police officer who served the warrant was also a bonded deputy sheriff. In State v. Hills, 428 So.2d 715 (Fla. 4th DCA 1983) the court found that the police officers who served the warrant outside the limits of their city were also special investigators of the State Attorney’s office, thus authorized by section 27.255, Florida Statutes to serve warrants anywhere within their judicial circuit. Important in these opinions is the recognition of the principle that without some other valid basis, the execution of a search warrant by a police officer outside of his jurisdiction is invalid.
No saving facts are present here. Although the warrant was also directed to the Sheriff or any deputy sheriff of Bre-vard County, no such officer was present. The fact that a City of Cocoa police officer was present and assisted in serving the warrant does not make the service good, because the warrant did not authorize that officer to serve it, although it could have and it is difficult to understand why it did not. See § 933.08; Hesselrode v. State, 369 So.2d 348 (Fla. 2d DCA 1979), cert. denied, 381 So.2d 766 (Fla.1980).
The order appealed from is
AFFIRMED.
DAUKSCH and COBB, JJ., concur.

. Section 933.07 provides:
Issuance of search warrants. — The judge, upon examination of the application and proofs submitted, if satisfied that probable cause exists for the issuing of the search warrant, shall thereupon issue a search warrant signed by him with his name of office, to any sheriff and his deputies or any police officer or other person authorized by law to execute process, commanding the officer or person forthwith to search the property described in the warrant or the person named, for the property specified, and to bring the property and any person arrested in connection therewith before the magistrate or some other court having jurisdiction of the offense.

. Section 933.08 provides:
Search warrants to be served by officers mentioned therein. — The search warrant shall in all cases be served by any of the officers mentioned in its direction, but by no other person except in aid of the officer requiring it, said officer being present and acting in its execution.