PER CURIAM.
The state appeals the trial court’s order suppressing evidence seized by police officers pursuant to a warrantless search of defendant George Terzado’s car. Terzado filed a motion to suppress the evidence on the ground that the police officer’s initial stop did not meet the requirements of Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and that evidence *742 seized during the ensuing search of the car was tainted and inadmissible. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). The trial court agreed and granted the motion. The state maintains that the police did not violate Terzado’s fourth amendment rights because the stop was based on reasonable, articulable facts supporting their suspicion that Terzado was violating traffic laws. Alternatively, the state argues that Terza-do voluntarily abandoned his car when he threw the car keys in a garbage can and, thus, does not have standing to challenge the constitutionality of the search. We reverse.
At the suppression hearing, Officer Laza-no testified about the events that formed the basis for the charges. Officer Lazano stated that late one night he observed Ter-zado leave a restaurant, get into his car, and begin to drive away. Having noticed that the right taillight on Terzado’s car was broken, the officer stopped Terzado, who backed his car into the parking lot, left the car, and reentered the restaurant. When Terzado emerged from the restaurant, the officer requested his driver’s license and registration. Terzado told the officer that he did not have a license, and the officer informed Terzado that he was under arrest. When the officer attempted to take Terza-do into custody, Terzado pulled away and went back into the restaurant, waving his arms in the air. Then, according to the officer, he threw or dropped his car keys into a garbage can inside the restaurant. The officer arrested Terzado, placed him in a patrol car, retrieved the car keys, and searched Terzado’s car. He discovered a gun in an open black pouch between the gas pedal and the front seat. This gun formed the predicate for the state’s charges of carrying a concealed firearm, unlawful possession of a firearm by a convicted felon, and criminal mischief.
A trial court’s ruling on a motion to suppress comes to the appellate court clothed with the presumption of correctness; the reviewing court must interpret the evidence and the reasonable inferences derived from it in the light most favorable to the trial court. Smith v. State, 378 So.2d 281 (Fla.1979); State v. Rizo, 463 So.2d 1165 (Fla. 3d DCA 1984); Barrios v. State, 397 So.2d 440 (Fla. 3d DCA 1981).
Applying these standards, we agree that the initial stop of the defendant failed to satisfy Terry requirements. The trial court considered the credibility of the witnesses and resolved conflicts in the evidence before determining that no traffic violation had occurred. We are satisfied that the record supports the court’s decision concerning the lack of justification for the stop and agree that evidence derived from an illegal stop must be suppressed; nevertheless, we are unable to affirm. If Terzado abandoned his car, he lost his reasonable expectation of privacy in it, and may not claim a violation of his fourth amendment rights. Oliver v. State, 368 So.2d 1331, 1335-1336, (Fla. 3d DCA 1979), cert. dismissed, 383 So.2d 1200 (Fla.1980); see Maxwell v. State, 443 So.2d 967 (Fla.1983) (warrantless search of defendant’s abandoned suitcase did not violate defendant’s fourth amendment rights).
Because the trial court did not rule on the issue, we remand the cause for an evidentiary hearing to enable the trial court to determine whether Terzado voluntarily abandoned the car and thus lacks standing to challenge the seizure of the evidence.
Reversed and remanded.