PER CURIAM.
Appellant Mario Oliva appeals his conviction for possession of cocaine arising out of his nolo contendere plea after the denial of his motion to suppress evidence. We affirm.
State law enforcement officers, working in connection with the Federal Drug Enforcement Agency, obtained information regarding illicit drug sales operating out of a business location. The officers went to the location looking for the suspect company and its operator. Upon their arrival, they were met at the door by appellant who admitted them into the showroom, the first room of the two-room business premises. Appellant claimed not to know the person the police were seeking and offered to show them his identification to prove that he was not the person they were looking for.
When the officers were given appellant’s driver’s license, they conducted a computer check on appellant’s name and date of birth. The computer check revealed that appellant had several outstanding arrest warrants. Appellant was placed under arrest and was searched pursuant to the arrest. That search revealed a small vial containing cocaine.
Appellant sought to exclude the cocaine claiming that it was the fruit of an illegal search and seizure. The trial court denied the motion to suppress the cocaine.[1] Appellant entered a nolo contendere plea reserving his right to appeal the trial court’s denial of his motion to suppress.
We find no illegal search or seizure. The initial contact between the officers and appellant occurred at the threshold of his business when appellant opened the door and admitted the officers. We find this contact to have been consensual and not constituting an illegal search or seizure. See Byrd v. State, 481 So.2d 468 (Fla.1985), cert. denied, 476 U.S. 1153, 106 S.Ct. 2261, 90 L.Ed.2d 705 (1986).
Next, the officers followed appellant as he stepped back into another room to get his wallet and identification. Appellant neither invited the officers to follow him nor objected to their presence.
While in this room, appellant voluntarily produced his driver’s license and handed it to the officers.[2] This was nothing more than appellant’s voluntary cooperation with the officers in providing his identification to show he was not the man they sought. We again find that this was consensual and *1285 not constituting an illegal search and seizure. Wigfall v. State, 323 So.2d 587 (Fla. 3d DCA 1975).
The next event is the discovery of the outstanding warrants and the appellant’s arrest. Appellant’s arrest pursuant to the outstanding warrants was valid. Wigfall v. State, 323 So.2d at 589; State v. Foust, 262 So.2d 686 (Fla. 3d DCA 1972); Murphy v. State, 252 So.2d 261 (Fla. 3d DCA 1971).
Lastly, the search of appellant, once in custody for the outstanding warrants, produced the vial of cocaine which appellant seeks to suppress. This search of the appellant, pursuant to arrest, was reasonable. See Wigfall v. State, 323 So.2d at 589; State v. Foust, 262 So.2d at 688; Murphy v. State, 252 So.2d at 262.
We hold that the evidence so obtained is not impermissibly tainted and therefore admissible. See Sloan v. State, 429 So.2d 354 (Fla. 1st DCA), review denied, 438 So.2d 834 (Fla.1983).
Affirmed.

. Appellant's motion to suppress was granted as to other evidence seized prior to his arrest. That excluded evidence is not the subject of this appeal.

. Had the officers waited in the first room, or even at the door, nothing in the record suggests that appellant would not have provided the license to them there.