905 So.2d 207 (2005)
Krishna Gopal MARAGH, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-698.
District Court of Appeal of Florida, Third District.
April 20, 2005.
Rehearing and Rehearing Denied July 13, 2005.
Bennett H. Brummer, Public Defender, and Harvey J. Sepler, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Jill K. Traina, Assistant Attorney General, for appellee.
Before GERSTEN, GREEN, and ROTHENBERG, JJ.
Rehearing and Rehearing En Banc Denied July 13, 2005.
ROTHENBERG, Judge.
The defendant was convicted of two counts of armed robbery with a firearm and was sentenced to life imprisonment. The sole issue on appeal is whether the defendant's pre-trial statements to the police officer were admissible at trial. After conducting a suppression hearing, the trial judge denied the motion to suppress the defendant's statements. We affirm.
When reviewing a motion to suppress, we defer to the trial court's factual findings if they are supported by competent, substantial evidence, and review legal conclusions de novo. State v. Rabb, 881 So.2d 587, 590 (Fla. 4th DCA 2004); Saturnino-Boudet v. State, 682 So.2d 188 (Fla. 3d DCA 1996); Segal v. State, 353 So.2d 938, 939 (Fla. 3d DCA 1978).
The statements which the defendant attempted to suppress were made during an *208 unrecorded interview with Detective Goldblatt of the Miami-Dade Police Department. At the suppression hearing, while Detective Goldblatt could not remember if he initially advised the defendant of his Miranda rights by reading them off of a card or by memory, he testified that he did advise the defendant of his rights per Miranda, and that the defendant stated that he understood those rights and waived them. Officer Carillo was present during the interview, and testified that Detective Goldblatt advised the defendant of his rights by reading them off of a card, and that the defendant waived his rights. After the informal interview, Detective Goldblatt, in an attempt to formalize and memorialize the defendant's statement, asked the defendant for a taped statement. When he began to re-advise the defendant of his rights, using a Miranda rights waiver form, the defendant invoked his right to counsel and his right to remain silent. Consequently, the interview was terminated.
Contrary to the defendant's assertion, Missouri v. Seibert, 542 U.S. 600, 124 S.Ct. 2601, 159 L.Ed.2d 643 (2004), does not require the reversal of this case. In Seibert, the officer first questioned the defendant without first giving her Miranda warnings, and obtained a confession. The officer then gave the defendant her Miranda warnings, and obtained her confession a second time. The United States Supreme Court concluded that post-warning statements obtained in this manner are inadmissible. Id. at 2605. The Court explained that "it is likely that if the interrogators employ the technique of withholding warnings until after interrogation succeeds in eliciting a confession, the warnings will be ineffective in preparing the suspect for successive interrogation, close in time and similar in content." Id. at 2610.
In the instant case, there was competent substantial evidence that the defendant was properly advised of his rights pursuant to Miranda and that he waived his rights prior to being questioned by law enforcement. After his Mirandized statement was obtained, the officer re-advised the defendant of his rights (per form) to memorialize his waiver and in preparation for the taking of a formal taped statement. When the defendant invoked his rights, the interview was terminated as required. This is therefore clearly not a Seibert situation. As we conclude that there was competent substantial evidence to support the trial court's findings that the defendant's statements were given freely and voluntarily after being properly advised of his rights per Miranda, we affirm the trial court's denial of the defendant's motion to suppress.
Affirmed.