PER CURIAM.
 

 Defendant-appellant Johnson Michel appeals his conviction for first-degree murder. Prior to trial, the defendant filed a motion to suppress statements he made to detectives on the ground that due to his intellectual deficiencies, his waiver of his Miranda
 
 [1]
 
 rights was not knowingly or intelligently made. The motion was denied. At the conclusion of his trial by jury, the jury returned a verdict of guilty as charged of first degree murder. The defendant was sentenced to life in prison.
 

 On appeal, the defendant contends that the motion to suppress his statements should have been granted. We disagree. The trial judge took testimony and heard legal argument from counsel and determined that the defendant knowingly and voluntarily waived his rights. We conclude that the court’s denial of the motion to suppress was supported by competent and substantial evidence.
 
 See Maragh v. State,
 
 905 So.2d 207, 208 (Fla. 3d DCA 2005) (denial of motion to suppress is proper where there is competent substantial evidence that
 
 Miranda
 
 rights are voluntarily waived).
 

 The defendant argues that the trial court abused its discretion when it admitted hearsay statements of correctional officers and when it refused to permit the defendant to cross-examine a witness. We find that the evidentiary rulings were within the trial court’s discretion and we do not disturb those rulings.
 
 See Urquiza v. State,
 
 971 So.2d 926, 927 (Fla. 3d DCA 2007) (trial judge’s ruling on evidentiary matters will not be disturbed absent showing of abuse of discretion).
 

 The defendant argues that the trial court committed fundamental error in the self-defense instruction given at his trial. The trial judge gave, without objection, an instruction on the justifiable use of deadly force in self-defense and included the independent forcible-felony exception to self-defense. The instructions given to the jury with regard to self-defense included the forcible-felony instruction, as follows:
 

 However, the use of force likely to cause death or great bodily harm is not justifiable if you find,
 

 1. Johnson Michel was attempting to commit, committing or escaping after the commission of murder and/or manslaughter; or....
 

 It was error for the trial court to read this instruction because for the forcible-felony instruction to apply, there must be an independent forcible felony other than the offense which the defendant claims he committed in self-defense.
 
 Martinez v. State,
 
 981 So.2d 449, 457 (Fla.2008). Here, the defendant was charged with murder, and manslaughter as a lesser included offense. There was no independent forcible felony.
 

 Because the defendant did not object to the instruction, the matter was unpreserved. Therefore, we must determine whether the error was fundamental error. In
 
 Martinez,
 
 the Supreme Court held the erroneous reading of this instruction constitutes fundamental error only
 
 *1104
 
 when it deprives the defendant of a fair trial.
 
 Id.
 
 We conclude that the defendant was not deprived of a fair trial and that the giving of the instruction here was not fundamental error. The defendant’s main defense was misidentification and not self-defense. In fact, the defendant did not even mention self-defense in closing argument. Based on these facts, we do not find fundamental error in the instruction given to the jury.
 

 Affirmed.
 

 [1]
 

 .
 
 Miranda v. Arizona,
 
 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)