156 So.2d 566 (1963)
Ernest L. SAVAGE, Appellant,
v.
STATE of Florida, Appellee.
No. E-291.
District Court of Appeal of Florida. First District.
October 3, 1963.
*567 Ernest Lee Savage, in pro. per.
Richard W. Ervin, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for appellee.
WIGGINTON, Judge.
This appeal is from an order rendered by the Court of Record of Escambia County denying appellant's petition for post conviction relief filed pursuant to the provisions of Criminal Procedure Rule No. 1, 31 F.S.A.
The petition filed by appellant prays for an order vacating and setting aside two judgments of conviction and sentence previously rendered by the Court of Record of Escambia County. The first judgment assaulted was rendered on January 29, 1960, pursuant to which appellant was sentenced to imprisonment in the state prison for a term of six months to five years. The second judgment was rendered on December 16, 1960, by which appellant was sentenced to imprisonment in the state prison for a period of five years, which sentence was ordered to run concurrently with the sentence then being served by appellant under his previous conviction.
By his motion for relief filed April 22, 1963, appellant alleges that at the time of his arraignment on each of the informations charging him with the criminal offenses for which he was adjudged guilty, he was not versed in criminal proceedings and in each instance the trial judge failed to appoint counsel to assist him in his defense. It is alleged that as a result appellant plead guilty to each of the charges resulting in the imposition of the sentences which he now seeks to have set aside and declared void. Petitioner alleges that failure of the trial judge to appoint counsel to represent him violated his constitutional right to due process of law under the 14th amendment to the Constitution of the United States.
The order appealed recites that having considered the petition filed by appellant and the record of each prosecution out of which the judgments of conviction arose the court finds that appellant waived his right to the appointment of counsel in his behalf and voluntarily plead guilty to the offense for which he was adjudged guilty *568 and sentenced, and that appellant is therefore not entitled to the relief requested by his petition. The prayer to vacate and set aside the judgments was accordingly denied.
Appellant's right to relief is premised upon the ruling of the Supreme Court of the United States rendered in the Gideon case,[1] wherein it is held that the right of an indigent defendant charged with the commission of a felony to court appointed counsel is a fundamental safeguard guaranteed by the 14th amendment to the United States Constitution, unless such right is intelligently and understandingly waived. The order appealed makes no finding nor conclusion as to whether appellant, at the time of his arraignment and plea of guilty, intelligently and understandingly waived his right to court appointed counsel. Unless this fact is established to the satisfaction of the trial judge, the waiver of counsel by one charged with a felony would not in itself be sufficient to deny relief under the Gideon decision. Because of the insufficiency of the order appealed, it would ordinarily be necessary that this case be returned to the trial court for further proceedings and the taking of evidence on the question of waiver. However, because of the matters and things hereinafter discussed, such action will not be necessary in this case.
An examination of the petition for relief filed by appellant contains no allegation that at the time he was charged, arraigned and plead guilty to the two criminal offenses for which he was sentenced, he was indigent or otherwise without monetary means of employing counsel to assist in his defense. A showing of indigency on the part of one charged with the commission of a felony is a necessary prerequisite to the right to court appointed counsel. Such right does not extend to a person financially able to employ his own counsel. Since the petition filed by appellant is legally insufficient to state a prima facie case entitling appellant to relief under the Gideon decision, the trial judge cannot be held in error for having denied the relief prayed.
Appellant contends that this court should not consider the insufficiency of his petition regarding the issue of indigency because the trial court based its order of dismissal on the ground that appellant waived the right to counsel at the time of his arraignment. All orders, judgments and decrees rendered by trial courts reach the appellate court clothed with a presumption of correctness.[2] In order to entitle an appellant to a reversal, the burden rests upon him to clearly demonstrate harmful error arising from some action of the trial judge in the proceedings, resulting in the order, judgment or decree appealed. If a trial judge's order, judgment or decree is sustainable under any theory revealed by the record on appeal, notwithstanding that it may have been bottomed on an erroneous theory,[3] an erroneous reason,[4] or an erroneous ground,[5] the order, judgment or decree will be affirmed.
For the reasons and upon the authorities above cited, the order appealed is affirmed.
CARROLL, DONALD K., Acting C.J., and RAWLS, J., concur.
NOTES
[1] Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.
[2] Sedell v. Sedell, (Fla.App. 1958) 100 So.2d 639; City of Miami v. Hollis, (Fla. 1955) 77 So.2d 834.
[3] Berkman et al. v. Miami National Bank, et al., (Fla.App. 1962) 143 So.2d 535.
[4] Siesta Properties, Inc. v. Hart, (Fla. App. 1960) 122 So.2d 218, 219, 224.
[5] Escarra v. Winn Dixie Stores, Inc., (Fla. 1961) 131 So.2d 483.