161 So.2d 11 (1964)
Theodore N. TURNER, Appellant,
v.
STATE of Florida, Appellee.
No. 4327.
District Court of Appeal of Florida. Second District.
February 7, 1964.
Rehearing Denied March 5, 1964.
Robert W. Duckworth, Asst. Public Defender, Orlando, for appellant.
James W. Kynes, Atty. Gen., Tallahassee, and Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
PER CURIAM.
This cause arises upon appeal from denial of a motion filed pursuant to Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix. By Per Curiam decision filed on January 22, 1964, this court affirmed the lower court's action. It appears, however, that our Per Curiam decision without opinion has caused some confusion as to the appellant's right to further review of his conviction and sentence. In view of this, said Per Curiam decision is hereby withdrawn and the following opinion is substituted in lieu thereof.
The motion, denial of which is appealed, did not allege that the movant was insolvent at the time of arraignment and plea and, accordingly, did not allege a prima facie case of denial of the right to counsel. In view of this insufficiency the order denying the motion must be affirmed. Savage v. State, Fla.App. 1963, 156 So.2d 566.
The lower court did not base denial of the motion solely on the insufficiency of *12 the motion, but made certain findings of fact which are neither supported nor contravened by the record in this court. In view of the deficiency of the record in this court, the fact that appellant was not represented by counsel in proceedings below or at the time the record was prepared, and the clear insufficiency of the motion as a predicate for relief, we deem it appropriate to affirm the order without prejudice to appellant's right to file a sufficient motion in the lower court, to request counsel for any proceedings on that motion and, through proceedings on that motion, establish the facts surrounding his conviction and sentence. King v. State, Fla.App. 1963, 157 So.2d 440; Mullins v. State, Fla.App. 1963, 157 So.2d 701; Keur v. State, Fla.App. 1963, 160 So.2d 546; Caminita v. State, Fla.App. 1964, 159 So.2d 921.
Affirmed.
ALLEN, Acting C.J., and SHANNON and WHITE, JJ., concur.