RAWLS, Judge.
This is an appeal from an order denying relief to petitioner in a Criminal Rule No. 1 proceeding.
On October 14, 1960 appellant Brinson, after conviction by a jury of murdering his wife, was sentenced by the court to be confined in the state prison for life. On the 2nd day of July 1963, Brinson filed the instant motion to vacate the foregoing sentence alleging therein the following basic matters: 1. He is an American born citizen by birth and of the colored race; that his initial indictment was invalid because all the members of the grand jury were white; that he was not granted a preliminary hearing nor was a coroner’s inquest held. 2. The trial court failed to interrogate appellant and failed to make an effective appointment of legal counsel to aid him for his defense so he was thus deprived of a fair and impartial trial “and of due process.” Appellant after reciting excerpts from numerous Federal “due process” cases including Gideon [Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799] and related cases, then proceeds to relate pages of his interpretation of the facts presented in the original trial, and arrives at the conclusion that he accidentally inflicted gunshot wounds upon his commonlaw wife, Rosa Lee Fiffie, who subsequently died. The trial judge upon consideration of the foregoing motion entered his order deny *688 ing same on July 12, 1963 on the basis of the record making this finding:
“It appears on the face of the motion that the petitioner was represented by counsel, said case was tried before a jury resulting in a verdict of first degree murder with recommendation for mercy, said proceedings having been had prior to the judgment and sentence.”
Subsequent to the denial of the foregoing motion appellant was adjudicated insolvent and moved for appointment of counsel to appeal the order denying relief in this collateral attack. This Court relinquished jurisdiction to the trial court for the sole purpose of appointment of counsel to represent appellant on this appeal; and the trial court on the 10th day of October, 1963 appointed public defender Alva Duncan to represent appellant on this appeal. On the 2nd day of December, 1963 the public defender filed with this Court a verified motion to dismiss appeal, attaching thereto an affidavit of David Lanier, an outstanding lawyer of Madison County, Florida. Incorporated in his motion to dismiss this appeal was the following statement by the public defender:
“The undersigned has made a complete and thorough investigation of the facts, law and circumstances surrounding the trial and subsequent denial of Appellant’s Motion to Vacate his sentence under Criminal Procedure Rule No. 1 and based thereon the undersigned is unable to discover any error in the Circuit Court’s denial of Appellant’s Motion to Vacate his sentence. The undersigned believes that said appeal to the District Court of Appeals is completely without merit and thus is improperly made, and undersigned does not desire to further burden this Appellant Court with an appeal that he believes to be without foundation or merit.”
David Lanier’s affidavit recited the following basic facts: that he has for the last 35 years been a practicing attorney in the Third Judicial Circuit of Florida; that he was appointed as defense counsel for appellant on the 4th day of October, 1960 and immediately thereafter assumed his responsibilities as said defense counsel; that he had many conferences with appellant prior to arraignment and prior to and during the trial; that upon arraignment, appellant on his advice entered a plea of not guilty; that he made a thorough investigation of the circumstances surrounding the case and represented appellant during trial to the best of his legal ability, fully advising appellant of his legal and constitutional rights.
Appellant answered the public defender’s motion to dismiss appeal in which he stated: 1. He requested this court to grant that portion of the public defender’s motion in which he asks the court to enter an order dismissing the public defender as his attorney. 2. The public defender does not have the right to enter such a motion in this court. 3. The affidavit of Mr. Lanier was immaterial in that no proceedings had against the appellant subsequent to October 4, 1960 are being attacked collaterally on constitutional grounds. 4. The appellant requested that an attorney, other than the public defender, be appointed in his behalf and that appellant be allowed to correspond or to consult with such attorney as to what he (the Appellant) felt should be assigned as error. Upon receipt of appellant’s answer this Court entered the following administrative order:
“IT IS ORDERED:
“(1) that the order dismissing this-appeal is hereby set aside and this appeal is reinstated in all respects.
“(2) that the request of Alva Duncan, Esquire, the public defender in and for the Third Judicial Circuit, Madison County, Florida, who by appointment, heretofore appeared as attorney for appellant on this appeal, is hereby permitted to withdraw from representation of *689 the appellant, and he is hereby dismissed as attorney for appellant.
“(3) that the clerk of the Circuit Court of the Third Judicial Circuit of the State of Florida, in and for Madison County, be and he is hereby directed to forthwith prepare and transmit to the clerk of this court, Post Office Box 87, Tallahassee, Florida, a full and complete record of the proceedings recently pending in the said court upon the application of Archie Brinson, alias Joe Brinson, petitioner, against the State of Florida, the respondent, in the matter of the motion of said petitioner under Criminal Procedure Rule Number One to vacate, set aside or correct a sentence imposed upon said defendant October 13, 1960, pursuant to trial and conviction on a charge of murder in the first degree; it being the purpose of this order only to require the preparation and transmittal of the post judgment proceedings and order under said Criminal Procedure Rule Number One.
“(4) that action on the motion of appellant for appointment of substitute counsel to represent him on the appeal filed in this court on September 30, 1963, by the appellant in proper person to review the order of the Circuit Court for the Third Judicial Circuit, in and for Madison County, Florida, entered July 12, 1963 (case number 509 of the serial numbers of the said county) is deferred to await further action of the court upon receipt of the record herein required to be furnished.
“(5) that the clerk of this court shall cause a copy of this order to be furnished by mail to the clerk of said circuit court.”
We are now in receipt of the certified copy of the record of the proceedings as directed in paragraph three of the above quoted order and are in a position to consider this cause upon the merits of petitioner’s motion. Inasmuch as the petitioner is now proceeding in proper person, we will treat his eight page motion as his assignments of error and brief since it contains a history and factual résumé of the case, the questions petitioner wishes the court to consider and arguments relative thereto, supported by numerous statutory and constitutional citations and a lengthy list of Federal “due process” cases.
However, petitioner on March 4, 1964 filed in this Court his motion to dismiss this appeal upon the following conditions:
1. That due to the order of the Court entered February 13, 1964 denying his request for appointment of additional counsel on appeal, he is unable to proceed due to the reason that he does not know which state of the appellate proceedings be is in. He does not know what steps his prior attorney of record has taken and he does not know what assignments of error were filed in the court below. We pause at this point to again reiterate that petitioner’s initial assignments of error filed in his own proper person together with argument and brief therein poses every conceivable question available for petitioner to raise in this collateral attack all of which are seemingly founded upon the theory that this collateral attack may be used as a substitute for appeal.[1]
2. That in view of the items recited in 1 above petitioner desires to dismiss this appeal without prejudice to him to file what he terms a sufficient motion in the lower court to request counsel for any proceedings on that motion, citing Turner v. State.[2]
We now summarize and philosophize to some extent upon the overall proceedings *690 in this cause. The record discloses that the State of Florida has afforded this indigent defendant the services of a most competent counsel in his initial trial for the unlawful shooting and killing of his wife. He was duly tried and sentenced and he proceeded to carry out that sentence for a considerable period of time without requesting an appeal or taking any further steps to impeach the regularity of his trial. Upon the rendition of the Gideon decision this petitioner — like others incarcerated in our state prison — began questioning the legality of his confinement. He filed a motion to vacate his initial sentence and ultimately this Court, being concerned with any possible violation of petitioner’s rights, remanded the cause to the trial court with directions that he again be appointed free counsel to assist him in these proceedings. The trial court appointed qualified counsel to represent petitioner and this counsel reported to this court that he could find no justiciable issue to be raised on petitioner’s behalf in this collateral attack. We readily point out that counsel was in error in moving for a dismissal of petitioner’s instant appeal; however, no harmful error has been visited on the prisoner by the filing of said motion. Now at this stage of the ripening of petitioner’s efforts to again litigate the factual matters contained in his initial trial, he requests this court to dismiss this cause and let him start all over again in an attempt to procure a second trial on the merits of his criminal offense. Courts have the patience of Job, and the wheels of justice do grind slowly. However, even the patience of Job must have at some time been exhausted and it is at this breathless point that we have arrived in this cause.
We deny petitioner’s instant motion to dismiss this appeal and dispose of same on the merits. Petitioner having not shown a prima facie case of deprivation of his constitutional rights and the record fully sustaining the regularity of defendant’s conviction and the resulting sentence herein, the order of the trial judge denying relief is affirmed.
Affirmed.
STURGIS, C. J., and WIGGINTON, J., concur.

. See State of Florida v. John Matthew Weeks, Case No. 32875, filed March 4, 1964, as yet unreported, in which the Supreme Court of the State of Florida held that a movant under Criminal Rule No. 1, F.S.A. eh. 924 Appendix does not have an absolute organic right to the assistance of counsel at a hearing or on appeal from an adverse ruling thereon.

. Turner v. State (Fla.App.1964) 161 So. 2d 11.