PER CURIAM
Appellant Phillip Martin brings this appeal from a denial by the trial court of the relief requested in this Criminal Rule 1 [F.S.A. ch. 924 Appendix] proceeding.
The complete record of the trial proceedings is as follows:
1. Martin was charged by an indictment returned on the 20th day of November 1962 by the Grand Jury of Columbia County in the following form:
“The Grand Jurors of the County of Columbia, State of Florida, Charge that Phillip A. Martin, A Male Person on the 6th day of August A.D. 1962' in the County and State aforesaid: did unlawfully attempt to ravish and carnally know * * ■* [the victim],. A Female Person of the age of ten years and more, by force and against her will; by him, the said Phillip A. Martin attempting to force himself into-an Automobile in which she was then riding and driving, then followed said. * * * [victim] to her home, there-trespassed into the yard of her home and up to her home where she then and there hurriedly entered said home to-get away from him, and after he, the-said Phillip A. Martin had armed himself with a deadly weapon, to-wit: A Butcher Knife, with intent to unlawfully ravish and carnally know the said * * * [victim] by force and against her will.
“And so the said Phillip A. Martin, did in manner and form aforesaid unlawfully attempt to commit a Felony, to-wit : Rape.”
2. On November 21, 1962, Martin without counsel entered the following plea of guilty to wit:
“State of Florida vs. Unlawful attempt to commit a felony, to-wit Phillip A. Martin Rape.
“The defendant was present in court without counsel. The defendant hav-iug entered a plea of Guilty to the above charge on Nov. 21, 1962 was adjudged guilty of the above charge — Judgment and Sentence — Fifteen years State Prison.”
Thus, the trial record is silent as to any waiver of counsel by Martin prior to entering his plea of guilty.
By his motion for relief appellant alleges that in the proceedings which culminated in the judgment of conviction rendered against him, he was denied the-right to counsel in violation of his constitutional rights under the Sixth and’ Fourteenth Amendments to the Constitution of the United States. Gideon v. *893 Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. By his unsworn answer to the motion filed by appellant, the State Attorney of the Third Judicial Circuit alleged that appellant, at the time of his arraignment, waived his right to the appointment of counsel to represent him in the proceeding and, therefore, he was not denied any rights secured to him by law. Without holding a hearing on the issue made by the motion and answer, and without the benefit of any proof or testimony in support of the allegations contained in the answer filed by the State Attorney, the court entered its order finding and determining that appellant had waived his right to the appointment of counsel at the time of his arraignment and, therefore, was not entitled to the relief prayed by his motion. Since the record before us fails to disclose any proof in support of the allegations of the answer filed by the State, or in support of the findings contained in the order entered by the trial court, the order of denial would normally not be allowed to stand, but would be reversed with directions that a hearing be held and proof be adduced on the issues made by the pleadings.
However, the initial motion herein is fatally deficient in that the movant did not allege with sufficient particularity indigen-cy on his part at the time of his arraignment and wholly failed to allege that he, the movant, did not waive counsel prior to entering his plea of guilty. See Savage v. State, 156 So.2d 566 (Fla.App. 1st, 1963) and King v. State, 157 So.2d 440 (Fla.App.2d, 1963).
We affirm the order denying the relief sought without prejudice to appellant’s right to file a sufficient motion in the trial court, Turner v. State, 161 So.2d 11 (Fla.App.2d, 1964). In view of the record as set out above it appears that this could well be a cause in which the trial court should exercise its discretion by appointing counsel to represent this petitioner in his collateral attack upon the foregoing judgment of conviction.
Affirmed.
STURGIS, C. J., and WIGGINTON and RAWLS, JJ., concur.