426 So.2d 1121 (1983)
Richard WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. AJ-456.
District Court of Appeal of Florida, First District.
February 3, 1983.
Rehearing Denied March 3, 1983.
*1122 Michael Allen, Public Defender, Nancy A. Daniels, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., David P. Gauldin, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Williams appeals, contending that he was entitled to a discharge pursuant to Section 941.45(4)(e), Florida Statutes (1977). We disagree and affirm.
While in the custody of the Reception and Medical Center in Union County, Florida, Williams escaped. His flight took him first to Marion County where he committed various crimes and then to the State of New York where he was arrested on 15 February 1977 in connection with offenses he committed while in that state.
Pursuant to Section 941.45(4), Florida Statutes (1977), Marion County filed a request for temporary custody with the State of New York. Union County also filed a detainer with the New York authorities.
In December 1977, Williams was transferred from New York to Marion County where he was tried and convicted for the offenses he committed there. Neither the New York authorities, nor Williams, nor Marion County notified the authorities in Union County that Williams was in Florida. After trial, Williams was returned to New York to serve out the remainder of his sentence there. Upon his release from incarceration in New York, Williams was sent to the Florida State Prison in April 1980, at which time Union County resumed proceedings against him on the escape charge.
Williams then filed a motion for discharge which was denied by the trial court. On appeal, he maintains that he was available for trial in December 1977 when he was in Marion County, that the 120-day time limit of Section 941.45(4)(c) has run, and that he is now entitled to a discharge on the escape offense.
It is clear that the New York authorities failed to give notice to Union County that Williams was being brought to Florida as required by the last sentence of Section 941.45(4)(b). Subsection (c) of Section 941.45(4) states that "[i]n respect of any proceeding made possible by this subsection, trial shall be commenced within 120 days of the arrival of the prisoner in the receiving state... ." Clearly, no "proceeding" has been made possible here because Union County did not even know that Williams was in the State of Florida. In any event, we fail to see why the State of Florida should be denied the right to enforce its criminal laws because of the oversight of the State of New York. The trial court properly denied Williams' motion for discharge.
AFFIRMED.
ERVIN and LARRY G. SMITH, JJ., concur.