440 So.2d 409 (1983)
Michael COIT, Appellant,
v.
STATE of Florida, Appellee.
No. AQ-332.
District Court of Appeal of Florida, First District.
October 6, 1983.
Rehearing Denied November 7, 1983.
*410 Michael Allen, Public Defender, Glenna Joyce Reeves, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Clyde M. Collins, Jr., Asst. Atty. Gen., Jacksonville, for appellee.
LARRY G. SMITH, Judge.
We affirm appellant's conviction for burglary of a structure. Although appellant raises two points for our consideration, only one merits extensive discussion. Appellant's main contention is that the trial court should have granted his motion to dismiss the information filed against him since the State did not try him on the burglary charge in accordance with the provisions of Section 941.45(3)(a), (b) and (c), Florida Statutes (1979), part of Florida's "Interstate Agreement on Detainers." Finding no reversible error on this or the other point, we affirm.
Admittedly, appellant was not tried within 180 days from May 28, 1982, the date Florida authorities placed a detainer against him with the New York officials at Fishkill Correctional Facility. However, appellant's invocation of his speedy trial rights under the statute was procedurally irregular, or non-existent, depending on the view taken, and it appears that the New *411 York prison authorities contributed to the delay somewhat by their inaction. Appellant's premature letter to the State Attorney's office in Jacksonville was not accompanied by the certificate from the New York prison officials as required by law. Further, the New York officials appear to have been derelict in denying assistance to appellant in his efforts to comply with the law, and through error failed to notify appellant when a Florida detainer was finally lodged against him, and failed to advise him concerning his right to make a request for final disposition. We here determine that these irregularities and failures should be considered from a constitutional viewpoint. Upon so doing we find that appellant was not denied his right to a speedy trial.
The facts pertinent to our resolution of this issue in chronological order are as follows:
June 26, 1980  information filed in Duval County Circuit Court charging appellant with burglary of a structure.
Date unknown  appellant sentenced to a term of imprisonment in New York for a period of one and one-half to four and one-half years, and thereafter committed to Fishkill Correctional Facility.
March 31, 1982  appellant advised the State Attorney's office in Jacksonville that he was incarcerated at Fishkill and that he desired a final disposition of the charges pending against him in this cause. A carbon copy of the letter was sent to the Warden of Fishkill.
April 20, 1982  appellant's letter received by the State Attorney's office.
April 27, 1982  the State Attorney acknowledged appellant's letter and forwarded certain forms to appellant which are believed to have constituted the forms necessary for the officials of Fishkill to certify factors concerning the defendant's commitment in accordance with Section 941.45(3)(a).
April 30, 1982  Inmate Record Coordinator at Fishkill advised State Attorney that a warrant had not been lodged against appellant and that she could not assist appellant in completion of the interstate forms until a warrant was lodged and filed against him. She advised that as soon as a warrant was filed, her office would assist appellant in the preparation of interstate forms 2, 3 and 4.
May 7, 1982  State Attorney advised Inmate Record Coordinator that Florida desired appellant returned to Jacksonville and requested that she assist appellant in the completion of the necessary forms.
May 12, 1982  Inmate Record Coordinator advised State Attorney that her office could not assist appellant in the preparation of the interstate forms until State Attorney lodged and filed a warrant.
May 28, 1982  letter dated May 25, 1982, requesting that detainer be lodged against appellant was received by Fishkill Correctional Facility.
October 5, 1982  appellant returned to Jacksonville following his parole from New York institution.
December 2, 1982  appellant filed a motion to dismiss contending that the information should be dismissed because he was not brought to trial within 180 days as required by Section 941.45(3)(a).
December 10, 1982  the trial court entered an order denying appellant's motion to dismiss ruling that appellant's letter, received by the State Attorney's office on April 20, was an ineffectual demand for speedy trial since a detainer had not been lodged against him at the time. The court further ruled that New York's failure to furnish appellant with notice of the lodging of the May 28, 1982 detainer as required by Section 941.45(3)(c) did not entitle him to discharge.
December 14, 1982  appellant's trial commenced.
At the outset, it must be pointed out that appellant's letter of March 31, 1982, was unaccompanied by a certificate stating appellant's New York term of commitment, the time already served, the time remaining to be served on the sentence, and other facts required under Section 941.45(3)(a). *412 The information supplied by appellant here thus does not compare with that furnished by the inmate which was found to substantially comply with the statute in State v. Roberts, 427 So.2d 787 (Fla. 2nd DCA 1983).[1]
Nevertheless, appellant contends that he is entitled to discharge because, contrary to Section 941.45(b) and (c), the New York prison officials never notified him of the filing of the detainer or of his right to make a request for final disposition after the filing of a detainer, and failed to assist him in the preparation of interstate forms 2, 3 and 4, which presumably would have supplied the factual information required under Section 941.45(3)(a).
Appellant cites Romans v. District Court, 633 P.2d 477 (Colo. 1981), and People v. Lincoln, 601 P.2d 641 (Colo. App. 1979), in support of his position that Section 941.45(3)(c) is mandatory, and that the failure of the New York officials to inform him of the detainer and his right to request final disposition requires his dismissal. In these decisions, the courts held that the charges against the defendants should be dismissed because the officials of the sending state failed to comply with Article III(c) of the Interstate Agreement on Detainers, which provision is identical to Section 941.45(3)(c).
We decline to adopt a hard and fast rule that Florida must always bear the burden of the derelictions of the officials in a sister state. In People v. Bentley, 121 Mich. App. 36, 328 N.W.2d 389 (1983), also cited by appellant, the court found that the burden of a sister state official's failure to inform the defendant of the filing of a detainer, and of his right to request final disposition, would fall on the county prosecutor, and thus the defendant was entitled to discharge. However, the court stressed that its decision might have been different if the prosecutor had established that the defendant suffered no prejudice as a result of the violation. In that vein, we are persuaded to follow the reasoning in the Supreme Court of Kansas in State v. Clark, 222 Kan. 65, 563 P.2d 1028 (1977). In Clark, the court found that the provision in the Interstate Agreement on Detainers which requires prison officials to promptly notify a prisoner in writing of any detainer lodged against him, and of his right to request speedy disposition of the charges, is directory, and does not automatically require dismissal of the charges and discharge of a defendant who was not properly notified of the detainer. Instead, the court found that such a violation of a defendant's right to speedy trial must be gauged from a constitutional viewpoint, taking into consideration such factors as the length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.
Applying the Clark analysis to this case, we note first that appellant was tried within 200 days from the date a detainer was lodged against him by the Florida authorities. Bearing in mind that the period of 180 days set by the statute commences when a request containing the information required by the statute has been delivered to the prosecuting officer, the preparation and transmittal of which would ordinarily consume at least a few days, there actually was no significant delay in bringing appellant to trial.
We next observe that appellant has made no showing that his right to parole from his New York commitment was prejudiced in any manner because of the Florida detainer. Further, after returning to Jacksonville from New York, appellant filed a demand for speedy trial on October 22, 1982, but withdrew his demand on November 4, 1982. The prosecutor argued below that it was only after appellant waived his demand for *413 speedy trial that he was given a trial date some month and one-half later.[2]
Finally, other than his letter of March 31, 1982, appellant made no further efforts while in the New York prison to secure his right to a speedy trial even though the correspondence between the State Attorney's office and the Inmate Record Coordinator at Fishkill indicates that appellant was made aware that his premature request for disposition could not be acted upon. Accordingly, under the facts and circumstances of this case, we find that appellant was not denied his right to a speedy trial.
We find no merit in the point asserting error in the trial court's denial of a mistrial grounded upon alleged improper comments upon appellant's character or propensity to commit crimes made by an officer testifying for the state. The officer's bare statement that he had had other occasions to "run across Mr. Coit" was given in explanation of the officer's ability to recognize appellant. To the extent that such statement arguably could be said to carry any inference of prior criminal conduct on the part of appellant, we find that the error was harmless. Clark v. State, 378 So.2d 1315 (Fla. 3rd DCA 1980).
AFFIRMED.
WENTWORTH and JOANOS, JJ., concur.
NOTES
[1] Because we find that appellant's letter of March 31, 1982 was insufficient to constitute a request for final disposition, we need not reach appellant's well-reasoned argument that his letter triggered the Interstate Agreement on Detainers upon the formal lodging of the detainer on May 28, 1982. Dobson v. United States, 449 A.2d 1082 (D.C.App. 1982); United States v. Hutchins, 489 F. Supp. 710 (N.D.Ind. 1980); contra Allen v. State, 390 So.2d 806 (Fla. 5th DCA 1980).
[2] We have not overlooked the fact that it can be argued that this "waiver" of speedy trial came only after the 180 day time period had expired, since a projected November 3, 1982 disposition date may be calculated by assuming commencement of the 180 day period on May 7, 1982, the date when the state attorney advised the Fishkill Inmate Record Coordinator that Florida desired appellant's return to Jacksonville. See, United States v. Mauro, 436 U.S. 340, 359, 98 S.Ct. 1834, 1846, 56 L.Ed.2d 329 (1978).