454 So.2d 700 (1984)
STATE of Florida, Appellant,
v.
Ronald B. CULLIGAN, Appellee.
No. 84-86.
District Court of Appeal of Florida, Fourth District.
August 8, 1984.
Rehearing Denied September 19, 1984.
Jim Smith, Atty. Gen., Tallahassee, and Joan Fowler Rossin, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellee.
PER CURIAM.
The State has perfected this appeal from an order dismissing an information charging appellee with grand theft.
The State of Florida issued a warrant for appellee's arrest and lodged a detainer against appellee with the Commonwealth of Virginia Department of Corrections. Appellee filed a "Motion To Dismiss Charge, or in the Alternative, Motion for Speedy Trial." The Office of State Attorney filed a "Response to Request for Final Disposition and Request for Temporary Custody." In due course, the matter was heard by the trial court and the motion to dismiss was granted. We reverse.
Under the interstate compact known as the Agreement on Detainers, Sections 941.45-50, Florida Statutes (1983), a person incarcerated in another state and also charged by information with a Florida crime for which a detainer has been lodged with his custodian, may deliver to the appropriate prosecuting attorney and court a written notice of his imprisonment and a request for final disposition of his case in Florida. The request must be accompanied by a certificate of the official having custody of the person with certain specified information. Upon compliance with the interstate compact, the person's time for speedy trial commences. Appellee purports to have initiated the running of the speedy trial time by virtue of his above described motion and the State's response, relying upon State v. Roberts, 427 So.2d 787 (Fla. 2d DCA 1983), which holds that substantial compliance with the requirements contained in Section 941.45(3) is sufficient to trigger the speedy trial aspect of the compact. While we agree with the principle of substantial compliance contained in Roberts, we hold that appellee failed to meet even the substantial compliance test; his motion was inadequate to provide the information required by Section 941.45(3)(a and b). Thus, this case is controlled by Coit v. State, 440 So.2d 409 (Fla. 1st DCA 1983).
Accordingly, the order appealed from is reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
DOWNEY and GLICKSTEIN, JJ., and GUNTHER, BOBBY W., Associate Judge, concur.