528 So.2d 1236 (1988)
Leshan WELCH, Petitioner,
v.
STATE of Florida, Respondent.
No. BT-20.
District Court of Appeal of Florida, First District.
July 14, 1988.
Rehearing Denied August 26, 1988.
Leshan Welch, pro se.
Robert A. Butterworth, Atty. Gen., and Elizabeth C. Masters, Asst. Atty. Gen., for respondent.
PER CURIAM.
While petitioner was incarcerated in Georgia, the state of Florida filed a detainer against him, and petitioner allegedly filed a request for disposition pursuant to section 941.45 Fla. Stat., the Interstate Agreement on Detainers Act. After more than 180 days had passed, petitioner filed a motion for discharge in the circuit court. The circuit court denied the motion for discharge because petitioner had originally failed to appear on the underlying charges. Petitioner now seeks a writ of prohibition to prohibit Florida from pursuing the charges. We deny the petition.
As the state acknowledges in its response, the trial court's reason for denying the motion for discharge is insufficient. While petitioner may have waived his right to speedy trial under the applicable rule of criminal procedure by failing to appear, such conduct did not waive his rights under the detainer act. Section 941.45 Fla. Stat.; Fla.R.Crim.P. 3.191(b)(1).
However, the state has shown that petitioner's original request for discharge was never received by the appropriate Florida officials. It is not clear whether this lack of notice was due to inaction or dereliction *1237 on the part of the state of Georgia, or whether petitioner failed to properly comply with the notice and filing requirements of the detainer act. Either way, lack of notice was not due to any action or inaction on the part of Florida officials. Therefore, Florida is not precluded from proceeding against petitioner. Coit v. State, 440 So.2d 409 (Fla. 1st DCA 1983); Williams v. State, 426 So.2d 1121 (Fla. 1st DCA 1983). Since petitioner's motion for discharge was properly denied, the order is sustained in spite of its flawed reasoning. See Savage v. State, 156 So.2d 566 (Fla. 1st DCA 1963).
The petition for writ of prohibition is denied.
BOOTH, WIGGINTON and ZEHMER, JJ., concur.