WIGGINTON, Judge.
Appellant appeals a final order of the State Comptroller dismissing appellant’s application for an intangible personal property tax refund. We affirm.
In July 1985, appellant filed its application for refund, alleging that it had mistakenly paid an excess tax in the amount of $64,846.86. Thereafter, it sought an administrative hearing to review the Comptroller’s denial of its application. The proceedings before the hearing officer were stayed pending the outcome of Florida Export Tobacco Co., Inc. v. Department of Revenue, 510 So.2d 936 (Fla. 1st DCA), review denied, 519 So.2d 986 (Fla.1987). In that case, this Court determined that the Department of Revenue is an essential party in a refund action. Thereupon, the hearing officer recommended dismissal and the State Comptroller dismissed appellant’s application for “failure to join a necessary party in the proceedings.”
While the Department of Revenue is a necessary party to this action according to Florida Export Tobacco, dismissal by the State Comptroller on that ground was beyond the State Comptroller’s jurisdiction because, pursuant to an in pari materia reading of sections 72.011 and 26.012(2)(e), Florida Statutes, the circuit court has exclusive original jurisdiction “in tax refund cases.” Id. at 954. Consequently, dismissal of appellant’s application for lack of subject matter jurisdiction is mandatory. Therefore, since the proper result was attained albeit for the wrong reason, we affirm the dismissal of the application, citing the proper ground therefor. See Welch v. State, 528 So.2d 1236 (Fla. 1st DCA 1988) and Savage v. State, 156 So.2d 566 (Fla. 1st DCA 1963).
AFFIRMED.
WENTWORTH and THOMPSON, JJ., concur.