539 So.2d 1168 (1989)
Luther PARKER, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1665.
District Court of Appeal of Florida, First District.
March 9, 1989.
Rehearing Denied April 10, 1989.
Michael E. Allen, Public Defender, and Phil Patterson, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and William A. Hatch, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
Appellant appeals two convictions for strong-arm robbery, one entered after jury trial and the other pursuant to a plea of nolo contendere. We affirm in part, reverse in part and remand.
Appellant first asserts that the trial court erred in denying his motion to dismiss on the ground that his right to a speedy trial under the Interstate Agreement on Detainers, section 941.45, Florida Statutes, was violated. The record shows that, although appellant did demand speedy trial pursuant to the statute, contrary to the requirement of section 941.45(3), Florida Statutes, the appropriate Florida prosecuting officer did not receive any notice of his demand for several months due to a failure on the part of the prison officials in the state of Pennsylvania, where appellant was incarcerated at the time. Since the lack of notice was not due to any action or inaction on the part of Florida officials, the state of Florida was not precluded from proceeding against appellant. See Welch v. State, 528 So.2d 1236 (Fla. 1st DCA 1988), Coit v. State, 440 So.2d 409 (Fla. 1st DCA 1983), and Williams v. State, 426 So.2d 1121 *1169 (Fla. 1st DCA 1983). Therefore, we find no error on this issue. Consequently, we also reject appellant's additional argument that he was forced to waive his right to effective assistance of counsel in order to preserve his right to a speedy trial.
Appellant next contends that the trial court erred in allowing him to represent himself because the determination as to whether he voluntarily and intelligently waived his right to counsel was inadequate. To the contrary, however, the trial court did follow the proper procedures and conducted an adequate inquiry into appellant's waiver, as required by Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) and Florida Rule of Criminal Procedure 3.111(d). Therefore, we find that appellant voluntarily and intelligently waived his right to counsel in regard to his jury trial and his entry of a nolo plea. However, since the trial judge failed to renew the offer of assistance of counsel at the sentencing hearing, as required by Florida Rule of Criminal Procedure 3.111(d)(5), appellant's sentences are hereby vacated and the cause is remanded for resentencing. See Smith v. State, 444 So.2d 542 (Fla. 1st DCA 1984).
Appellant's challenge of his departure sentence is rendered moot by the above vacation and remand. However, upon remand, we note that, as recognized by the trial court, proven subsequent unscored convictions are a valid basis for departure. Hunt v. State, 468 So.2d 1100 (Fla. 1st DCA 1985). Further, the evidence in this case clearly supports the court's determination that appellant has engaged in an escalating pattern of violent behavior, which is also a valid ground for departure. Williams v. State, 504 So.2d 392 (Fla. 1987).
The State concedes error in the trial court's imposition of $250 in court costs with no determination as to appellant's ability to pay. We reverse on that point and remand for a determination of appellant's ability to pay court costs, upon proper notice to him. Fountain v. State, 524 So.2d 739 (Fla. 1st DCA 1988); Jenkins v. State, 444 So.2d 947 (Fla. 1984); Lawton v. State, 492 So.2d 404 (Fla. 1st DCA 1986).
The trial court exceeded its authority under section 775.089, Florida Statutes to order restitution by including the term "civil judgment" in the restitution orders. Thereupon the term "civil judgment" is stricken from both judgments. As the state concedes, the court further erred in failing to inquire as to appellant's ability to pay restitution prior to entering its order, as required by section 775.089(6). See also Amison v. State, 504 So.2d 473 (Fla. 2d DCA 1987). Consequently, we reverse the portion of the judgments ordering restitution and remand for redetermination thereof following, upon proper notice to appellant, an inquiry as to his ability to pay.
Appellant's convictions are AFFIRMED, but his sentences are VACATED, as are the costs and restitution orders, and the cause is REMANDED for further proceedings consistent with this opinion.
WENTWORTH and THOMPSON, JJ., concur.