THOMPSON, Judge.
Wendell G. Segroves entered a plea of nolo contendere to the charge of armed burglary of a dwelling preserving his right to appeal the trial court’s denial of his motion to dismiss the information. We affirm the trial court.
Segroves was charged by information filed on 17 May 1989 with armed burglary of a dwelling, a violation of section 810.02(2), Florida Statutes (1989). On or about 2 August 1990, Segroves was incarcerated in Rivers Correctional Institution in Georgia. On 12 October 1990, after being advised there was a detainer placed on him by the Osceola County Sheriffs Office in connection with the armed burglary of a dwelling charge, Seg-roves requested the warden sign a notice of final disposition. The warden signed the notice on 19 October 1990. Since Georgia and Florida have adopted the Interstate Agreement on Detainers Act (IAD), provisions of sections 941.45 et seq., Florida Statutes, apply. The documents were filed in his inmate file along with a certificate of inmate status, an offer to deliver temporary custody to the State of Florida, and a request to have the court appoint an attorney to represent Seg-roves. These documents were never sent to any official in the State of Florida by the Georgia prison officials or by Segroves.
Segroves was eventually returned to Florida and was appointed an attorney. The trial judge heard his motion to dismiss on the basis that he was denied a speedy trial on 10 June 1992 and denied the motion. Segroves signed a written plea agreement and entered a plea of nolo contendere as charged on 24 August 1992. He was adjudicated guilty and sentenced to a three year minimum mandatory term in the Department of Corrections with credit for time served. See § 775.-087(2), Fla.Stat. (1991). His sentence was to run concurrently with any sentence previously imposed. Segroves only appeals the denial of his motion to dismiss. He argues that pursuant to section 941.45(3), Florida Statutes (1991), he was denied a speedy trial.
The attorneys have stipulated that Florida officials never received the documents from the State of Georgia. Segroves has never alleged that the lack of transmittal by the Georgia official was intentional and designed to defeat the intent of the IAD. Although a prisoner detained outside the state of Florida is required to be prosecuted within 180 days of a notice of final disposition being filed with an official in Florida, the time does not commence until the Florida official receives the notice. In this case, the notice was never , received. The United States Supreme Court has recently held that the 180 day speedy trial period provided by the IAD does not commence until the prisoner’s request has been actually delivered to the court and the prosecutor of the jurisdiction that lodged the detainer against him. Fex v. Michigan, — U.S. —, 113 S.Ct. 1085, 122 L.Ed.2d 406 (1993). Florida courts have reached similar decisions. See Parker v. State, 539 So.2d 1168 (Fla. 1st DCA) (prisoner incarcerated in Pennsylvania who demanded speedy trial, but whose request was not forwarded to Florida officials, could be prosecuted in the State of Florida although more than 180 days passed since his request was made to Pennsylvania officials), review denied, 547 So.2d 1210 (Fla.1989); Welch v. State, 528 So.2d 1236, 1237 (Fla. 1st DCA 1988) (prisoner incarcerated in Georgia could be prosecuted in Florida after 180 days had passed since his request for a speedy trial filed in Georgia had not been forwarded to Florida officials). We affirm the trial court.
AFFIRMED.
W. SHARP and GOSHORN, JJ., concur.